1 | LAW OFFICES OF MICHAEL J. JAURIGUE
MICHAEL J. JAURIGUE, Cal. Bar No. 208123
2 | 411 North Central Avenue, Suite 100
Glendale, California  91203
3 | Telephone:    (818) 432-3274
Facsimile:     (818) 432-3297
4 | legaladvocatesgroup@gmail.com

5 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
PHILLIP A. DAVIS, Cal. Bar No. 110430
6 | MOE KESHAVARZI, Cal. Bar No. 223759
333 South Hope Street, 48th Floor
7 | Los Angeles, California  90071
Telephone:    (213) 620-1780
8 | Facsimile:     (213) 620-1398
pdavis@sheppardmullin.com
9 | mkeshavarzi@sheppardmullin.com

10 | Attorneys for Plaintiff
NULINX INTERNATIONAL, INC.

11 |

12 | KRISHEL LAW OFFICES
DANIEL L. KRISHEL, Cal. Bar No. 149633
22837 Ventura Blvd., Suite 304
13 | Woodland Hills, California  91364
Telephone:    (818) 883-8759
14 | Facsimile:     (818) 883-6759
dlklaw@earthlink.net

15 |

16 | DLA PIPER LLP (US)
DAVID B. ABEL, Cal. Bar No. 106907
1999 Avenue of the Stars, Suite 400
17 | Los Angeles, California 90067-6022
Telephone:    (310) 595-3000
18 | Facsimile:     (310) 595-3300
david.abel@dlapiper.com

19 |

20 | Attorneys for Defendants
SERVUE SOLUTIONS, INC. AKA/DBA SERVUE
INC., HAMID KOHAN, AKA HAMID
21 | KOHANFARS AND BENJAMIN JAVAHERIAN

22 | **UNITED STATES DISTRICT COURT**

23 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

24 |

| | |
|---|---|
| NULINX INTERNATIONAL, INC., a California corporation, | Case No. **CV 08-06076 CBM (RCx)** |
| Plaintiff, | The Honorable Consuelo B. Marshall |
| v. | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND ORDER (AS AMENDED)** |

-1-

| | |
|---|---|
| 1 | SERVUE SOLUTIONS, INC., aka/dba |
| | SERVUE INC., a California corporation, |
| 2 | Hamid Kohan, aka Hamid Kohanfars, an |
| | individual, Benjamin Javaherian, an |
| 3 | individual, and DOES 1 through 10, |
| | inclusive, |
| 4 | |
| | Defendants. |
| 5 | |

6

7          Subject to the approval of this Court, Plaintiff Nulinx International, Inc.

8   on the one hand ("Plaintiff"), and defendants Servue Solutions, Inc. aka/dba Servue

9   Inc., Hamid Kohan, aka Hamid Kohanfars and Benjamin Javaherian on the other

10   hand ("Defendants") by and through their respective counsel, hereby stipulate and

11   agree that any documents, information, testimony or transcripts ("Material") deemed

12   by any Party or by any person or entity that is not a party to this action ("Third-

13   Party") to be confidential, proprietary, trade secret and/or subject to a right of

14   privacy ("Confidential Information"), shall be designated and protected according to

15   the following terms and conditions:

16

17   **A.     DESIGNATING PROTECTED MATERIAL**

18

19          Any Party or Third-Party may determine in good faith whether any

20   Material should be designated as "CONFIDENTIAL" or "CONFIDENTIAL-

21   ATTORNEYS' EYES ONLY" ("Designating Party").  Parties and Third-Parties

22   shall also have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL-

23   ATTORNEYS' EYES ONLY," Material produced, served or provided by other

24   Parties or Third-Parties, in which case the Designator shall notify the other Parties

25   and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL" or

26   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Stipulated

27   Protective Order.  Any Material, or any part thereof, designated as

28

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used only for the preparation and trial of this action, including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be clearly so designated. Designation in conformity with this Stipulated Protective Order requires the following:

1.     For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top or bottom of each page of a document that contains Confidential Information.  The Designating Party that makes original documents available for inspection need not designate them for protection under this Stipulated Protective Order until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the documents made available for inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Stipulated Protective Order; then, before producing the specified documents, the producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of the documents that contain Confidential Information.  If, after production, a Party or Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents not previously

1  designated, then any Party in possession of such documents shall designate the

2  documents as such in accordance with this Stipulated Protective Order.

3

4       2.     For testimony given in deposition or in other pretrial or trial

5  proceedings, the Designating Party shall identify either (a) on the record before the

6  close of the deposition, hearing or other proceeding, or (b) within 20 days after

7  receiving the transcript of such deposition, hearing or other proceeding, all portions

8  of the testimony that it wants to designate as "CONFIDENTIAL" or

9  "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Only those portions of the

10 testimony that are designated for protection during the deposition or other pretrial or

11 trial proceedings, or within the 20 days after receipt of the transcript of such

12 testimony, shall be covered by the provisions of this Stipulated Protective Order.

13 The court reporter shall affix to the top or bottom of each page of a transcript

14 containing Confidential Information the legend "CONFIDENTIAL" or

15 "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by a Designating

16 Party's instructions.

17

18      3.     For any Material produced in other than documentary form and for any

19 other tangible items, the Designating Party producing such Material or tangible item

20 shall affix in a prominent place on the exterior of the container or containers in

21 which the material or item is stored the legend "CONFIDENTIAL" or

22 "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only portions of the

23 information or item warrant protection, the Designating Party, to the extent

24 practicable, shall identify the protected portions.  If, after production, a Party or

25 Third-Party designates as "CONFIDENTIAL" or "CONFIDENTIAL-

26 ATTORNEYS' EYES ONLY" any non-documentary Material or tangible item not

27

28

          STIPULATED PROTECTIVE ORDER

previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Stipulated Protective Order.

**B.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

1.    All Material designated as "CONFIDENTIAL" may be disclosed only to:

a.    Outside counsel for a Party and in-house counsel for the Parties responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

b.    Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

c.    The Parties to this action and their current directors, officers and employees;

d.    Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

e.    Personnel employed by the United States District Court for the Central District of California or any appellate court, including,

the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel.

2.      A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any Material that contains private, confidential, proprietary and/or trade secret information that is so sensitive that such Material should *not* be disclosed to the directors, officers or non-attorney employees of other Parties.  Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in paragraph B(1) (a), (b) and (e) above.

3.      Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph B(1) (b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information.  Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order and submitting to the jurisdiction of the United States District Court for the Central District of California to enforce this Stipulated Protective Order.  The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party.  However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant or witness until otherwise required to do so by law or order of the United State District Court for the Central District of California.

STIPULATED PROTECTIVE ORDER

**C.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Stipulated Protective Order, the Party may do so pursuant to the procedures set forth in Rule 37 of the Local Rules of the Central District of California, pertaining to motions related to discovery issues.

**D.      INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

Inadvertent production without prior designation of any Confidential Information shall be without prejudice to a Designating Party's right to later file a petition seeking to have the Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or to any other Party's right to argue that production of such Confidential Information constitutes a waiver under applicable law of the right to designate any Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**E.      MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION**

1.      All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be kept in secure facilities.  A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs B(1)(a) and (b) of this Stipulated Protective Order.

2.      Any information, including, but not limited to, documents, interrogatory responses and depositions designated as containing Confidential Information, where submitted to the Court with a pleading or as evidence, shall be submitted to the Court in accordance with Rule 79-5 of the Local Rules of the Central District of California pertaining to procedures for filing documents under seal.

**F.      CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1.      The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

2.      In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days notice, within one (1) business day after service of the subpoena). The Designating Party may then file a petition or motion to quash the subpoena

and/or obtain such other relief as will protect the confidential nature of the documents.  If the Designating Party files such a petition before the production date specified in the subpoena and to the extent permitted by law, the Party upon whom the subpoena is served shall not produce the requested documents until after the United States District Court for the Central District of California or appropriate court has ruled on the petition or motion.

## G.     FINAL DISPOSITION

Within thirty (30) days after the final termination of this action, counsel for each Party shall return to the Party or Third-Party who produced it, any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction.  For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review or appeal having been filed, or, if any such petition appeal is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

**H.    MISCELLANEOUS**

1.    Subject to the Provision of Paragraph F(2), above, nothing in this Stipulated Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

2.    This Stipulated Protective Order is intended to regulate the production and dissemination of Confidential Information during the entirety of this action, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all Parties or by order of the United States District Court.  This Stipulated Protective Order shall become effective as among the Parties when executed by all Parties, with or without the District Court's entry of the order.  The United States District Court for the Central District of California shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order and to enter amendments, modifications and additions to this Stipulated Protective Order as the United States District Court for the Central District of California may from time to time deem appropriate upon noticed motion of a Party, pursuant to Local Rule 37, or upon the United States District Court for the Central District of California's own motion upon notice to the parties, provided Judgment or Dismissal has not been entered by the District Court.

SO STIPULATED:

1

2

3    Dated:  January _____2009                    LAW OFFICES OF MICHAEL J.
                                                 JAURIGUE

4

5                                       By:        [Original Signature ECF Filed]
                                                   Michael J. Jaurigue

6                                                  Attorneys for Plaintiff
                                                   Nulinx International, Inc.

7

8    Dated:  January _____2009                    SHEPPARD  MULLIN  RICHTER  &
                                                 HAMPTON, LLP

9

10

11                                     By:_____[Original Signature ECF Filed]_____
                                                   Moe Keshavarzi

12                                                 Attorneys for Plaintiff
                                                   Nulinx International, Inc.

13

14   Dated:  January _____2009                    KRISHEL LAW OFFICES

15

16                                     By:        [Original Signature ECF Filed]
                                                   Daniel L. Krishel

17                                                 Attorneys for Defendants
                                                   Servue Solutions, Inc. aka/dba Servue

18                                                 Inc., Hamid Kohan, aka Hamid
                                                   Kohanfars and Benjamin Javaherian

19

20   Dated:  January _____2009                    DLA PIPER LLP (US)

21

22                                     By:_____[Original Signature ECF Filed]_____
                                                   David B. Abel

23                                                 Attorneys for Defendants
                                                   Servue Solutions, Inc. aka/dba Servue

24                                                 Inc., Hamid Kohan, aka Hamid
                                                   Kohanfars and Benjamin Javaherian

25

26

27

28

-11-

1

## <u>ORDER</u>

2

IT IS SO ORDERED, as amended at paras. E.3 (deleted) and H.2.

3

4

Dated:  January 26, 2009                    By:_____/S/ Rosalyn M. Chapman_____
                                                         Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1MMK1\401199269.1                                    STIPULATED PROTECTIVE ORDER

**<u>EXHIBIT "A"</u>**

I, _____, have received and reviewed a copy of the Stipulated Protective Order entered in the case entitled <u>Nulinx International, Inc. v. Servue Solutions, Inc.</u>, Case No. CV 08-06076 CBM (RCx) pending in the United States District Court for the Central District of California ("USDCCD") and am familiar with its terms.  I agree to comply with the terms and conditions of the Stipulated Protective Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order.  I further consent and submit to the jurisdiction of the USDCCD for the purpose of enforcing the Stipulated Protective Order, if necessary.

DATED:_____         _____

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **January 27, 2009**, I served the following document(s) described as **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| **Via U.S. Mail**<br>Daniel L. Krishel<br>Krishel Law Offices<br>22837 Ventura Blvd., Suite 304<br>Woodland Hills, CA  91364<br>Tel:  818.883.8759<br>Fax:  818.883.6759 | Attorneys for Defendants<br>Servue Solutions, Inc, aka/dba Servue Inc.,<br>Hamid Kohan aka Hamid Kohanfars, and<br>Benjamin Javaherian |

**Via ECF**
David B. Abel
DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6022
Tel:  310.595.3000
Fax:  310.595.3300

☒   **VIA ECF FILING AND IN ACCORDANCE WITH L.R.5.3-3**

☒   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **January 27, 2009**, at Los Angeles, California.

/S/ Cynthia Coblentz
Cynthia Coblentz